# Richmond

MARY K. WEDDLE, ADMINISTRATRIX, ETC. v. MARY ELLEN DRAPER.

April 22, 1963.

Record No. 5556.

Present, All the Justices.

The opinion states the case.

*Ralph Masinter* (*Masinter & Masinter*, on brief), for the plaintiff in error.

*Arthur E. Smith (Carl R. Langhammer; Charles H. Osterhoudt, on brief), for the defendant in error.*

I'Anson, J., delivered the opinion of the court.

Walter A. Weddle, Sr., administrator of the estate of Walter A. Weddle, Jr., instituted this action against Mary Ellen Draper, defendant, to recover damages for the death of his decedent resulting from a collision between an automobile operated by the deceased and an automobile operated by the defendant. At the conclusion of all the evidence the trial court sustained defendant's motion to strike plaintiff's evidence, discharged the jury and entered summary judgment for the defendant.

Upon the death of Walter A. Weddle, Sr., the proceeding was revived in the name of Mary K. Weddle, administratrix d. b. n., as the party plaintiff and she is here on a writ of error.

The sole question presented is whether the trial court erred in striking plaintiff's evidence and entering summary judgment for the defendant.

Plaintiff's motion for judgment alleged, *inter alia,* that the collision occurred in the city of Roanoke, Virginia, at the intersection of Chapman avenue and Fifteenth street; that just before the collision the Weddle automobile was traveling in an easterly direction on Chapman avenue; and that the defendant's automobile was traveling south on Fifteenth street. The motion was later amended to allege that the Weddle automobile was traveling in a northerly direction on Fifteenth street and the defendant's automobile was moving in an easterly direction on Chapman avenue.

The evidence shows that the accident occurred at 9:30 P.M. on June 14, 1961, when a dark colored 1955 Ford sedan operated by the plaintiff's decedent and a 1957 white Oldsmobile sedan operated by the defendant collided in the aforementioned intersection. Plaintiff's decedent and the defendant were the only occupants of the respective cars. There were no traffic controls at the intersection. The night was clear, the streets were dry and the speed limit was 25 miles per hour.

After the collision both automobiles came to rest in the yard of a home located at the southeast corner of the intersection. Photographs taken of the two automobiles before they were moved show that the Weddle automobile was headed west with its left front fender resting on the right front fender of the defendant's car. The defendant's

car was resting on all four wheels and was headed generally northwest. The Weddle car was damaged on its left side and the top was crushed by the force of the impact with a tree located at the southeast corner of the intersection. The damage to the defendant's automobile was to its front.

There were marks on the south curb of Chapman avenue just east of the intersection which were made by the right rear wheel of the Weddle automobile. A tire mark approximately 18 to 20 inches long, veering slightly to the southeast, was found in the middle of the intersection, but no witness could connect it with either of the cars involved. The rear window of the Weddle automobile was found in some shrubbery on Chapman avenue approximately 75 yards east of the intersection.

Plaintiff's decedent was rendered unconscious as a result of the accident and died 48 hours later without regaining consciousness.

The defendant, who was the only surviving eyewitness to the accident, was called by the plaintiff as an adverse witness. She testified that she was traveling south on Fifteenth street; that she stopped at the intersection, looked to her left and right, saw nothing approaching, and started into the intersection at a slow rate of speed to make a left turn to proceed east on Chapman avenue; and that the Weddle automobile, headed east on Chapman avenue, then came "roaring" into the intersection at a high rate of speed without any lights burning and struck the front of her automobile.

The investigating officers testified that the defendant was nervous and upset when they arrived on the scene about five minutes after the collision. They stated that she first pointed in a northerly direction and said that she was proceeding in that direction on Fifteenth street at the time of the collision, but after being questioned as to where she was going she stated she was traveling from the north toward the south. One of the officers stated that the physical facts were consistent with the statement of the defendant that she was traveling in a southerly direction on Fifteenth street.

Edward Clark and Dorothy Lawhorn testified that while they were on the front porch of Mrs. Lawhorn's home, which is on Chapman avenue approximately three-quarters of a block west of its intersection with Fifteenth street, they saw a white automobile operated by a woman traveling east on Chapman avenue at an excessive speed, and moments later heard a crash. They did not see the collision, but went to the scene afterwards and identified the defendant's car as the one they saw pass the Lawhorn home.

There was testimony from two witnesses, who walked to the scene of the accident after hearing the crash, that they could see the headlights burning on the Weddle car when they were a block from the intersection.

Howard P. Milton, testifying on behalf of the defendant, said he was sitting on the porch of his home on Chapman avenue, which is just across the street from the Lawhorn home, and the automobile he saw pass his home traveling east at a speed of 35 to 40 miles per hour moments before the accident was a dark car. Upon his arrival on the scene of the accident he was unable to identify the Weddle car as the one he had seen pass his home.

In determining whether the trial court erred in striking plaintiff's evidence on the ground that it did not show that the defendant was guilty of negligence which was a proximate cause of the accident, we must view such evidence in the light most favorable to the plaintiff and she is entitled to every reasonable inference therefrom. *Green* v. *Smith*, 153 Va. 675, 680, 151 S. E. 282, 283; *Smith* v. *New Dixie Lines*, 201 Va. 466, 470, 111 S. E. 2d 434, 437; *Stimeling* v. *Goodman*, 202 Va. 111, 113, 115 S. E. 2d 923, 925.

The plaintiff argues that the inferences from the contradicted testimony of the defendant and the physical facts made out a *prima facie* case of negligence which was a proximate cause of the collision and she was entitled to have the case submitted to the jury.

■ Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover. *Brooks, Adm'r* v. *Hufham*, 200 Va. 488, 494, 106 S. E. 2d 631, 636; *Murphy* v. *Saunders, Inc.*, 202 Va. 913, 917, 121 S. E. 2d 375, 378; *Spurlin, Administratrix* v. *Richardson*, 203 Va. 984, 987, 128 S. E. 2d 273, 276; 13 Mich. Jur., Negligence, § 58, p. 584.

When a defendant is called as an adverse witness the plaintiff is not bound by such of his testimony as is in conflict with evidence introduced by the plaintiff; but the plaintiff is bound by so much of the testimony of the defendant as is clear, reasonable and uncontradicted. *Boyd* v. *Brown*, 192 Va. 702, 708, 66 S. E. 2d 559, 563;

*Crabtree* v. *Dingus,* 194 Va. 615, 622, 74 S. E. 2d 54, 58; 32 C. J. S., Evidence, § 1040, pp. 1104-1107.

From the evidence offered by the plaintiff contradicting the testimony of the defendant it may be inferred that the defendant was traveling east on Chapman avenue at an excessive speed which continued to the point of the collision and that the lights on the Weddle car were burning at the time of the accident because they were burning shortly afterwards. But none of this shows the position of the Weddle car when the defendant's car entered the intersection, the point of collision, and why and how the accident happened. Thus the burden of proof required of the plaintiff to show negligence on the part of the defendant which was a proximate cause of the accident was not met by this evidence.

It is true that physical facts are sometimes more convincing than oral testimony (*Early* v. *Mathena, Adm'r,* 203 Va. 330, 335, 124 S. E. 2d 183, 187) but when physical facts are relied upon to overcome oral testimony they must be established by evidence so clearly preponderating that the existence of such facts is unmistakable. *Woodson* v. *Germas,* 200 Va. 205, 210, 104 S. E. 2d 739, 743; *Scales* v. *Majestic Steam Laundry,* 114 W. Va. 355, 171 S. E. 899, 901, 902.

There were no skid marks or debris found in the intersection to give any indication of the point of collision. The 18 to 20 inch tire mark found in the intersection could not be attributed or traced to either car. The cars collided with great force and when this happens the course of travel they take afterwards very often defies all laws of physics. The mark made by the right rear wheel of the plaintiff's car on Chapman avenue just east of the intersection and the place where the cars came to rest with the left front fender of the Weddle car resting on the right front fender of the defendant's car simply do not show how the collision occurred. The fact that the front of the defendant's car was damaged and the damage to the Weddle car was on its left side, without any explanation as to where and how the cars collided, does not in itself show that the defendant was guilty of negligence which was a proximate cause of the accident. The damage to the cars and the other physical facts just as readily support an inference that the defendant moved out from Fifteenth street into the intersection to make a left turn into Chapman avenue when the Weddle car suddenly moved in front of it and the cars collided, as they do the plaintiff's theory of the case. The physical facts are not so clearly preponderating that the meaning of such facts relied on by the plaintiff is unmistakable. They do not show why, how

and where the collision occurred, and at best they create no more than a possibility of negligence on the part of the defendant.

Moreover, one of the police officers testifying on behalf of the plaintiff stated that the damages to the automobiles and other physical facts were consistent with the defendant's testimony that she was proceeding south on Fifteenth street. Her testimony is also consistent with the theory of the plaintiff before the amendment of her motion for judgment.

Any conclusion drawn by a jury that the defendant was negligent in the operation of her automobile at the intersection based on the physical facts, which actually support neither theory of the accident by evidence of preponderating weight, would of necessity be based entirely on conjecture and guess as to why and how the collision occurred. See *Richter* v. *Seawell*, 183 Va. 379, 382, 32 S. E. 2d 62, 63; *Keen* v. *Harman*, 183 Va. 670, 675, 33 S. E. 2d 197, 198, 199; *Brooks, Adm'r* v. *Hufham, supra,* 200 Va. at p. 494, 106 S. E. 2d at pp. 635, 636.

Thus, the only evidence in the record as to how the accident occurred is that of the defendant, who was called by the plaintiff as an adverse witness. She was the only person to observe the collision, and she stands uncontradicted as to what actually happened at the scene of the collision. This evidence shows that she was free of negligence.

Plaintiff says, however, that the contradicted testimony of the defendant and the physical facts show that her testimony was incredible.

Although a jury may disregard evidence which it does not believe, it cannot find a verdict which is not based on evidence. Even if defendant's testimony is discarded as incredible, any verdict in the case would have to be for the defendant because the plaintiff, who has the burden of proof, is left without any evidence as to how, why, and where, in the intersection, the collision occurred. *Saunders* v. *Temple*, 154 Va. 714, 726, 153 S. E. 691, 695.

For the reasons stated the plaintiff failed to make out a *prima facie* case of negligence, and the trial court did not err in striking the evidence and entering summary judgment for the defendant. Accordingly, the judgment of the trial court is

*Affirmed.*