## Richmond

GEORGIA MARGUERITE HICKS, ADMINISTRATRIX, ETC. v. ANN F.
CASSIDY, ADMINISTRATRIX, ETC.

March 4, 1968.

Record No. 6525.

Present, All the Justices.

*Hale Collins; William T. Wilson* for plaintiff in error.

*John H. Locke (Gentry, Locke, Rakes & Moore,* on brief), for
defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Georgia Marguerite Hicks, administratrix of the estate of
Dewey Hobson Hicks, deceased, brought this action against the de-
fendant, Ann F. Cassidy, administratrix of the estate of John Wesley
Cassidy, deceased, to recover damages for the wrongful death of her
husband as a result of an automobile accident. There was a jury trial,

and after plaintiff had rested her case the trial court sustained defendant's motion to strike plaintiff's evidence and entered final judgment for the defendant. We granted plaintiff a writ of error.

Plaintiff contends that the court erred in (1) not granting her motion for a continuance, and (2) striking her evidence and entering final judgment for the defendant.

The evidence shows that Hicks, an automobile mechanic whose place of business was near Mountain Grove in Bath county, had done some repair work on Cassidy's 1955 Chevrolet station wagon, and sometime between 3:00 p.m. and 5 p.m. on July 31, 1963, the two men left in the vehicle to road test it. Hicks was driving, and they proceeded east on Route 39 to Warm Springs, approximately twelve miles from Mountain Grove. While Hicks and Cassidy were returning to Mountain Grove on Route 39, a narrow, winding mountain road, sometime between 6:30 p.m. and 7:20 p.m., the station wagon suddenly veered off the right-hand side of the road, thence across the left lane, and went down an 80 to 90-foot embankment.

The station wagon was completely demolished. Hicks was found lying unconscious in a pile of rocks and leaves, 25 to 30 feet from the left front of the vehicle. The vehicle was turned over on its left side at a 45-degree angle, and Cassidy was found lying on the driver's side, partly out of the door. Cassidy died ten days later as a result of the accident. Hicks died on May 4, 1964, and there was medical testimony that the injuries received in the accident "probably" caused his death.

There were no eye witnesses to the accident, and neither Hicks nor Cassidy was able to give an account of how and why it happened.

Trooper Duncan arrived on the scene around 7:20 p.m. and reconstructed the sequence of events from his study of the tire marks made by the vehicle on the road and its shoulder. Duncan testified that the weather was clear and the road was dry. Route 39 had been recently resurfaced and had no center marking lines. The Cassidy vehicle had just negotiated a right-hand curve and was in the process of negotiating a left-hand curve when its right wheels ran off the right side of the road onto the shoulder and continued for a distance of 30 feet. The left wheels of the vehicle remained on the pavement two feet from the shoulder the entire 30 feet. The vehicle then swerved at almost a 90-degree angle across the left-hand lane and down an embankment on the south side of the road. No brake skid marks were found at the scene. Both Hicks and Cassidy told Duncan

on the day after the accident that they "guessed" they missed the curve.

The evidence is conflicting on the question of who was driving the vehicle at the time of the accident. Trooper Duncan testified that Hicks told him he was driving. Hicks' wife and another witness said that Cassidy told them he was driving. One witness saw Hicks driving when the vehicle was several miles west of Warm Springs. Another witness said Hicks was riding as a passenger when he passed the car three to four miles east of the scene of the accident.

[1] Plaintiff first says that the trial court erred in not granting her a continuance because of the unavailability of a key witness, David Gene McElwee, who was the last person to see Hicks and Cassidy on Route 39 three to four miles east of the place of the accident.

It is elementary that a motion for a continuance is addressed to the sound discretion of the trial court under all the circumstances of the case, and, though subject to review, this court will not reverse a judgment or decree because of the action of the lower court on such a motion unless such action is plainly erroneous and prejudicial to the rights of the party on whose behalf the motion was made. *Ferguson* v. *Pipeline Company*, 206 Va. 719, 721, 722, 146 S. E. 2d 173, 175 (1966); *Bradley* v. *Poole*, 187 Va. 432, 433, 434, 47 S. E. 2d 341 (1948); 4 Mich. Jur., Continuances, § 50, pp. 322, 323; *Id.*, § 52, p. 325, ff.

The record shows that the witness McElwee was out of the country in the armed forces and plaintiff could not give the court any assurance as to when he would be present for the trial. Moreover plaintiff was allowed to read to the jury McElwee's transcribed testimony taken at a prior trial, and no claim was made that additional material testimony would have been given by McElwee if he had been present. Plaintiff's rights were not prejudiced by denying the motion for a continuance and the trial court did not abuse its discretion.

[2] The plaintiff argues that Cassidy violated § 46.1-203[1], Code of 1950, 1967 Repl. Vol., when he drove his vehicle across the wrong side of the road, and that such action was sufficient to make out a

---

1. § 46.1-203. "Except as otherwise provided by law upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle, subject to the provisions applicable to overtaking and passing set forth in §§ 46.1-208, 46.1-210 and 46.1-212."

prima facie case of negligence. Thus she says the trial court erred in not allowing the question of Cassidy's negligence to be considered by the jury.

Plaintiff's argument is grounded on her claim that she proved Cassidy was the driver of the station wagon at the time of the accident. Assuming, but not deciding, that Cassidy was driving when the accident occurred, we direct our inquiry to the question of whether or not the plaintiff has shown any negligence which was a proximate cause of the accident.

In the case of *Weddle, Adm'x* v. *Draper,* 204 Va. 319, 322, 130 S.E. 2d 462, 465 (1963), and again in *Bridgeforth* v. *Gibbs, Adm'r,* 207 Va. 127, 132, 148 S. E. 2d 763, 766 (1966), we said:

> "Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." (Citing authorities.)

We have held that the driver of a motor vehicle which collides with another motor vehicle while driving in the wrong lane in violation of Code § 46.1-203 is prima facie guilty of negligence, and the burden is cast upon the driver to show that he was on the wrong side of the highway because of something other than his own negligence. *Interstate Veneer Company* v. *Edwards,* 191 Va. 107, 113, 114, 60 S. E. 2d 4, 7, 23 A.L.R. 2d 532 (1950); *Early* v. *Mathena, Adm'r,* 203 Va. 330, 334, 335, 124 S. E. 2d 183, 187 (1962).

Code § 46.1-203 was enacted to give protection to persons and property traveling on the proper side of the highway. However the statute did not change the law of negligence. The burden is still on the plaintiff to prove that the failure of a defendant to observe the duty imposed by the statute was a proximate cause of the injury. *Hamilton* v. *Glemming,* 187 Va. 309, 316, 317, 46 S. E. 2d, 438, 442 (1948).

In the present case there is no evidence that Cassidy's driving across

the wrong side of the highway was a proximate cause of the accident. It is clear that the vehicle was out of control before it crossed the left lane, and we do not have here a case where the injury occurred from a collision with another vehicle while driving on the wrong side of the road. Thus before it can be said that Cassidy's driving across the wrong side of the road, in violation of Code § 46.1-203, establishes a prima facie case of negligence and casts upon the defendant the burden of producing evidence in explanation, it must further appear that Cassidy's sudden crossing the wrong side of the road was a proximate cause of the accident.

The evidence does not disclose how and why the accident occurred and the physical facts at the scene lend no support. Moreover the accident may have resulted from a slick spot on the road, a blowout, the accelerator sticking, a defect in the steering mechanism, or some other cause. Neither Hicks nor Cassidy could say how and why the vehicle went out of control. They did venture a guess, but if they did not know what happened certainly a jury could not be expected to reach a conclusion without speculation and conjecture on their part.

Here plaintiff has shown no more than the mere happening of an accident which may have resulted from one of two causes, for one of which Cassidy was responsible and for the other of which he was not. *Grasty* v. *Tanner*, 206 Va. 723, 728, 729, 146 S. E. 2d 252, 256, (1966).

We are of opinion that the trial court properly struck plaintiff's evidence, because there was no showing that Cassidy was guilty of any negligence which was a proximate cause of the accident.

*Affirmed.*