## Staunton

VIRGINIA STAGE LINES, INC., ET AL. v. BROCKMAN CHEVROLET, INC.

September 6, 1968.

Record No. 6769.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*E. Marshall Frost* (*John R. Alford*, on brief), for plaintiffs in error.

*J. B. Wykoff* for defendant in error.

SNEAD, J., delivered the opinion of the court.

Brockman Chevrolet, Incorporated, plaintiff, instituted an action against Virginia Stage Lines, Incorporated, and Emmett Wesley Robertson, defendants, to recover $422 for damages done to an automobile owned by plaintiff and driven by Daniel John Bateman which, after having struck another vehicle, collided with a "Trailways" bus owned by Virginia Stage and operated by Robertson. The defendants denied they were guilty of any negligence. The case was tried on March 29, 1967. At the conclusion of plaintiff's evidence defendants made a motion to strike the evidence on the grounds that plaintiff

had not borne the burden of proof and that the negligence of defendants, if any, was a remote and not a proximate cause of the collision. This motion was overruled, renewed at the conclusion of all the evidence and again overruled. After a jury verdict was returned in favor of plaintiff for the amount claimed, the court overruled defendants' motion to set it aside as being contrary to the law and the evidence, and entered judgment on the verdict. We granted defendants a writ of error.

The record shows that on the morning of June 11, 1966, shortly after midnight, State Trooper C. E. Bayliss received a message that an accident had occurred on Route 29 south of the Town of Amherst. He arrived at the scene at about 12:30 a.m. The highway at this point runs north and south, is hard-surface and is composed of three lanes, each ten feet wide. The lane for northbound traffic is separated from the two southbound lanes by double lines. A short distance south of the scene of the accident an entrance road to Amherst High School intersects with Route 29 on the east side. Approaching the intersection from the south there is a slight curve and a crest in the highway.

Trooper Bayliss, who investigated the accident, was the only witness to testify for plaintiff concerning the accident itself. His testimony discloses that he found a southbound bus operated by John Campbell parked on the west side of the highway. The left wheels of the bus were about three feet on the hard surface portion of the road. Parked just behind the bus was a car driven by a town police officer who had directed Campbell to stop his vehicle. In front of the bus was a damaged Mercury automobile owned and operated by Bernard Wayne Smith. On the east side of the highway there was another bus, facing north, owned by defendant Virginia Stage and operated by defendant Robertson, parked about 20 feet north of the rear of the southbound bus with its left wheels approximately three feet on the hard surface of the northbound lane and about 145 feet north of the center of the intersection. Eighteen feet behind this bus was an automobile driven by James R. McFadden. Its left wheels were four feet on the hard surface. Plaintiff's damaged Buick was stopped facing northwardly against the left rear of the northbound bus.

Trooper Bayliss further testified that the night was cloudy and the road dry, and that there was no artificial lighting other than the lights on the vehicles themselves. He questioned the drivers involved in

the accident at the scene. Robertson, the operator of the northbound bus, told him that he stopped his bus because he thought that the southbound bus was having mechanical trouble, and that he "got out of the bus and started over and heard tires skidding and I seen him [Bateman] swerve". Bayliss said that Smith, the driver of the Mercury automobile traveling south, stated: " 'I was coming down the road and swung out to pass the car on the shoulder [police car] and the other car hit me'. That was the extent of his statement." Bateman, the operator of the Buick proceeding north, told Bayliss: " 'The ambulance came through and I was in a line of traffic and the other car [driven by McFadden] stopped in front of me and then I met the other car [driven by Smith] and tried to miss him but I couldn't.' "

Trooper Bayliss also found debris in the center of the center lane of travel. In his reconstruction of the accident, he stated that when Smith swerved to pass the parked town officer's car his vehicle sideswiped Bateman's automobile which "apparently bounced off and went over there and struck the bus".

While at the scene Bayliss made a visibility test in his car traveling north at a speed of 55 miles an hour. He said that "as you come around the curve a vehicle stopped in this location is not visible until you get approximately to the intersection". On cross-examination he was asked if it were not true that a driver could see flashing lights on the buses 200 feet south of the intersection. His response was: "I didn't check back two hundred feet and they might have been visible." During the trial of the case, which was in the daytime, counsel for defendants requested Bayliss to drive his vehicle to the location and make a visibility test 200 feet south of the intersection. With the court's permission Bayliss undertook to make such a test. Upon return he testified that while seated in his car he could not see the surface of the highway at the scene of the accident at a point 200 feet south of the intersection. He could not state whether any portion of a car could be seen because "I didn't have any cars to check by".

Robertson and Campbell, the bus operators, testified that the front of each bus was equipped with two headlights, five marker lights across the top and two emergency I.C.C. red flasher lights, and that the rear of each was equipped with five lights across the top, three down each side and two red emergency flashers. They said that all of the lights were burning including the emergency flashers.

The bus operators further testified that Robertson's bus was parked off the hard surface as far as it could be without being in a ditch; that they smelled the odor of alcohol on Bateman's breath; that his speech was "slurred", and that he used profanity. Trooper Bayliss said that he smelled alcohol on Bateman, but did not notice any impairment in his speech or hear him use profanity.

Bateman, Smith and McFadden did not testify at the trial.

The substance of defendants' assignments of error is that the evidence is not sufficient to support a verdict for plaintiff.

"Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." (Authorities cited.) *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465.

Code, § 46.1-248(a) provides, among other things, that "No vehicle shall be stopped in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown, * * *." As pointed out by plaintiff, we have said that a violation of this statute is negligence. *Birtcherd Dairy* v. *Edwards, Adm'r*, 197 Va. 830, 833, 91 S.E.2d 421, 423. But such negligence will support a recovery for damages only in the event the violation is a proximate cause of the injury. *Baxley* v. *Fischer*, 204 Va. 792, 798, 134 S.E.2d 291, 295.

Assuming that it was a violation of the statute and hence constituted negligence for Robertson to stop his bus on the highway as he did, nevertheless plaintiff has not shown by evidence of preponderating weight that such negligence was a proximate cause of the accident. As has been said, Bateman, McFadden and Smith, three of the principal actors involved, did not testify. Neither of the bus drivers could testify as to why and how the accident occurred. Robertson stated that as he departed from his bus and started across the road he heard tires skidding, saw Bateman's car swerve in the direction of Smith's car, and then he started running. Campbell testified

that he was standing by the right side of his bus conversing with the police officer who had stopped him; that his view of the accident was obstructed, and that he heard "tires skidding".

Trooper Bayliss, who did not witness the accident, quoted Smith as having said: " 'I was coming down the road and swung out to pass the car on the shoulder [police car] and the other car hit me.' " Bateman's explanation of the accident to Bayliss was: " 'The ambulance came through and I was in a line of traffic and the other car [driven by McFadden] stopped in front of me and then I met the other car [driven by Smith] and tried to miss him but I couldn't.' " The visibility tests that Bayliss made were incomplete and had very little probative value, if any. He could not say whether any portion of a vehicle at the scene could be observed 200 feet south of the intersection. There was no evidnce as to how long the McFadden vehicle had been at a standstill, how far back Bateman was when it stopped, or how far back Bateman was when he first observed the stopped vehicles. Moreover, there was no evidence as to the speed Bateman was traveling at the time or whether he was maintaining a proper lookout. Essential details of the accident were not shown. The evidence falls short of being sufficient to support a finding that defendants' negligence was a proximate cause of the accident. That being the case, plaintiff cannot recover.

Accordingly, the judgment appealed from is reversed, the verdict set aside, and final judgment is entered for defendants.

*Reversed and final judgment.*