**Etta C. WHITEHURST, Plaintiff,**
v.
**REVLON, INC., Defendant.**
**Civ. A. No. 6771–N.**

United States District Court
E. D. Virginia,
Norfolk Division.
June 3, 1969.

Kelsey & Owens, Norfolk, Va., for plaintiff.

White, Reynolds, Smith & Winters, Norfolk, Va., for defendant.

### MEMORANDUM ORDER

KELLAM, District Judge.

Etta C. Whitehurst was awarded a jury verdict for $5,000.00 in her action against Revlon, Inc. Defendant moves the Court for judgment in its favor, notwithstanding the verdict, or in the alternative, a new trial. The motion for judgment notwithstanding the jury verdict is based upon the assertions (a) there was no evidence of negligence, and (b) negligence of plaintiff. The motion in the alternative for a new trial is founded upon refusal of the Court to permit defendant to (a) show a motion picture of experiments made by one of its witnesses, (b) to give the jury a demonstration

of some of the experiments, (c) refusal to grant charge on contributory negligence, and (d) granting charge based on the Federal Food, Drug, and Cosmetic Act.

Revlon distributed for sale one-half ounce bottles of fingernail polish labeled with the warning "DO NOT HEAT OR USE NEAR FIRE" in red lettering, 5½ point bold face type. Plaintiff contends she was burned as the result of a flash fire caused by the inflammable fumes from said fingernail polish.

At the time of the injury, plaintiff was seated at a counter in the kitchen of her home fixing her fingernails. She was wearing open neck, sleeveless pajamas. She had removed the old fingernail polish from her nails and washed her hands. She read the instructions on the bottle of polish, lit a cigarette, and placed it in an ash tray in front of her, opened the bottle of polish, placed that in front of her, and applied the polish to the nails on her right hand. This took two or three minutes. Two or three seconds after finishing the application of polish to the nails on her right hand, with her right hand she picked up the cigarette from the ash tray. It had burned about one-third of its length. She knocked the ashes off of it. It did not touch her nails. As she picked up the cigarette out of the ash tray and raised it toward her mouth, there was sort of a flash or a burst of fire, and the next thing "I knew my pajamas were on fire." The burst of flame was said by her to be "[S]ort of right in front. It's so hard—I don't know exactly, to tell you the truth, but it was close to my shoulder." When she saw the flame it was in front of her, over her shoulder, and about the size of a baseball. An area about four inches in diameter on her right shoulder was burned. She received no burns to her face, arms, eyelashes or eyebrows.

An expert offered by the plaintiff testified that by use of the open cup tests, he determined that at any temperature above 60 degrees the fingernail polish "will generate enough vapor such that when mixed with the surrounding air a flammable mixture results." He further testified that "[A]nything with a flash point less than 80 degrees Fahrenheit is required to carry a red label—so specifying that this is flammable material." In discussing the quantity of the fingernail polish required to create a flammable vapor, Dr. Winslow said "it takes a very small quantity of liquid to make a rather copious amount of flammable vapor."

The evidence offered by the expert witness presented by the defendant is to the effect that the fire or flame could not have occurred in the manner described by plaintiff. He was positive in his position. He made many tests. It must be admitted he was very thorough in his tests and in his explanations.

Since jurisdiction is here founded on diversity, we are bound by the substantive law of Virginia. Gober v. Revlon, Inc., 317 F.2d 47, 51 (4th Cir. 1963); Spruill v. Boyle-Midway, Incorporated, 308 F.2d 79 (4th Cir. 1962).

Negligence cannot be presumed from the mere happening of an accident, and evidence of negligence and proof of an accident do not establish a cause of action. The burden is upon the one seeking redress to establish the negligence was a proximate cause of the injury; there must be a causal connection between the negligence and the accident and injury. The evidence must prove more than a probability of negligence. It cannot be left to conjecture, guess or speculation. Blacka v. James, 205 Va. 646, 650, 139 S.E.2d 47 (1964); Weddle, Admrx. v. Draper, 204 Va. 319, 322, 130 S.E.2d 462 (1963). The question posed is, has the plaintiff met the burden?

The jury returned a verdict answering that plaintiff has met the burden. The jury having returned a verdict for the plaintiff, the evidence is to be viewed in the light most favorable to her. If there were any basis for such a finding, the Court is bound by the jury's verdict, even though the Court would have found

to the contrary if it had been the tryer of the facts. Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 80 S. Ct. 173, 4 L.Ed.2d 142 (1959); Richmond Television Corp. v. United States, 354 F.2d 410, 413 (4th Cir. 1965). If there is room for disagreement, the Court cannot substitute its judgment for that of the jury. Only where the facts are plainly conclusive—the record permits only one finding—should the Court refuse to permit the verdict to stand. Richmond Television Corp. v. United States, supra [354 F.2d 414].

■ In this case the defendant's expert testified the accident and injury could not have happened as plaintiff contended. The credibility of his testimony, and the weight to be given it, were for the jury. They could disregard it entirely. Plaintiff's expert did not say the accident occurred as plaintiff testified, or that it was or was not probable. He did say the fingernail polish gave off vapors which were flammable under the conditions described by her and that "it takes a very small quantity of liquid to make a rather copious amount of flammable vapor." Proper inferences drawn from his testimony, together with the testimony of plaintiff, were sufficient to permit the jury to find there was a causal connection. What was said in Sentilles v. Inter-Caribbean Shipping Corp., supra [361 U.S. 107, 109, 80 S.Ct. 173, 175, 4 L.Ed.2d 142] concerning the power of the jury seems applicable here. There, in dealing with the cause of a physical condition, the Court said:

> The jury's power to draw the inference that the aggravation of petitioner's tubercular condition, evident so shortly after the accident, was in fact caused by that accident, was not impaired by the failure of any medical witness to testify that it was in fact the cause. * * * The members of the jury, not the medical witnesses, were sworn to make a legal determination of the question of causation. They were entitled to take all the cir-

cumstances, including the medical testimony into consideration.

Where different conclusions might properly be drawn from the evidence by reasonable men, or "if the conclusion properly to be drawn depends upon the weight to be given to the evidence" a jury question is presented. Adams v. Allen, 202 Va. 941, 121 S.E.2d 364 (1961); Spruill v. Boyle-Midway, Incorporated, 308 F.2d 79, 86 (4th Cir. 1962).

■ We have here the question of the sufficiency of the warning on the bottle. "An insufficient warning is in legal effect no warning." Sadler v. Lynch, 192 Va. 344, 347, 64 S.E.2d 664, 666; Spruill v. Boyle-Midway, Incorporated, supra. The duty is upon the manufacturer to give an adequate warning and the "giving of an inadequate warning is as complete a violation of its duty as would be the failure to give any warning." Spruill v. Boyle-Midway, supra. Again, the sufficiency of the warning is for the jury. Spruill v. Boyle-Midway, supra.

■ The defendant complains of the Court's charge to the jury under the provisions of the Federal Hazardous Substances Act and the Federal Food, Drug, and Cosmetic Act (15 U.S.C.A. § 1261 et seq. and 21 U.S.C.A. § 301 etc.). No mention is made in the charge about the Hazardous Substances Act. The charge, while not in the exact language of the Food, Drug and Cosmetic statute, was not misleading. It conforms to Spruill v. Boyle-Midway, supra, and Gober v. Revlon, Inc., supra.

As to the issue of contributory negligence, the evidence of any such negligence was only by inference, if at all. The Court charged the jury that if they believed plaintiff failed to use the product "in accordance with the warnings" and that "such failure was the sole proximate cause or proximately contributed to cause" the injuries, then plaintiff could not recover.

■ Lastly, defendant complains of the refusal of the Court to permit it to

show motion pictures of experiments conducted by its expert witness, Burke, and to permit him to conduct certain courtroom demonstrations. The Norfolk Division of the Eastern District of Virginia operates under an extensive, well planned pre-trial procedure. It has been in operation more than ten years. At the final pretrial conference, all exhibits which are to be introduced in evidence are listed, after each counsel has had an opportunity to review them. The objections to such exhibits are then stated, and in most instances, ruled on. Hence, no one is taken by surprise. In this case, the complaint was filed May 15, 1968. Defendant answered May 31, 1968. Defendant was given until September 26, 1968, for taking of discovery. At the initial pre-trial conference held June 24, 1968, the schedule fixed for future proceedings was:

(a) Taking of de bene esse depositions by October 10, 1968;

(b) Attorneys' conference October 17, 1968;

(c) Final pre-trial conference November 1, 1968;

(d) Trial date November 26, 1968;

Hence, on June 24, 1968, it was known a final pre-trial conference would be held November 1, 1968. Defendant was well aware of the rule that all exhibits must be presented to opposing counsel for inspection and review by that time. Likewise, counsel were aware of the fact that strict adherence to the pre-trial procedure would be followed. The motion picture was not ready at time of the attorneys' conference or the final pre-trial conference. On November 15, 1968, defendant filed a motion to amend the final pre-trial order, listing the motion picture as an exhibit. While the motion stated the motion picture was inadvertently omitted, the affidavit filed with the motion stated the "film is at this time still in production." Hence, in accordance with the rules, it was not admissible in evidence. To permit its use in evidence without plaintiff's opportunity to previously view it, would have

been grossly unfair. It was then too late to prepare a counter exhibit, or investigate the nature, conditions, etc., of the test conducted. Much of the same applied to the test which defendant's expert wished to conduct in the courtroom. Conditions were not the same as the home of plaintiff. See Burriss v. Texaco, Inc., 361 F.2d 169 (4th Cir. 1966); Saldania v. Atchison, T. & S. Fe R. R. Co., 241 F.2d 321 (7th Cir. 1957); Beasley v. Ford Motor Co., 237 S.C. 506, 117 S.E.2d 863 (1963).

Hence, the motion for a new trial is denied and the Clerk directed to enter judgment on the verdict of the jury as of November 26, 1968, the date of the trial.