## Richmond

**Lillian G. McFadden, Adm'x., Etc. v. Raymond Lee Garrett.**

March 8, 1971.

Record No. 7349.

Present, All the Justices.

*Howard W. Rhodes, Jr.,* for plaintiff in error.

*Paul Whitehead,* for defendant in error.

Cochran, J. delivered the opinion of the court.

Plaintiff, Raymond Lee Garrett, brought this action against defendant, Lillian G. McFadden, administratrix of the estate of Robert Allen McFadden, deceased, for damages for personal injuries sustained when Garrett's automobile, operated by McFadden, ran off the highway and struck a tree.

There was a jury trial. At the conclusion of plaintiff's evidence defendant moved the trial court to strike the evidence as insufficient

to sustain a verdict for plaintiff because it showed no negligence on the part of McFadden and established contributory negligence on the part of Garrett barring his recovery. This motion was overruled and, when renewed at the conclusion of all the evidence, it was again overruled.

Plaintiff then moved the court to strike defendant's evidence on the ground that the evidence showed as a matter of law that McFadden was guilty of primary negligence and that Garrett was guilty of no contributory negligence. The court sustained this motion and submitted to the jury only the question of plaintiff's damages. The jury returned a verdict of $2500 which, on plaintiff's motion, the court set aside as inadequate.

A new jury, empaneled solely to determine the amount of damages, returned a verdict for plaintiff for $17,000. We granted defendant a writ of error to the judgment entered thereon.

Defendant contends that the court erred in overruling her motion to strike the plaintiff's evidence. Finding this issue dispositive of the case, we need not consider other assignments of error.

The accident occurred shortly after midnight on September 3, 1966 on U. S. Route 60 in Amherst County several miles east of the Town of Amherst. The weather was clear and the road surface dry.

When the investigating officer, State Trooper M. E. Tinsley, arrived at the scene, he found the automobile demolished, "sitting with the left side of the vehicle up against" a tree off the south side of the highway.

The testimony of Trooper Tinsley established the following facts:

In the front seat under the steering wheel McFadden was found unconscious. He never regained consciousness and died about an hour after being removed to a hospital. Betty Sue Price was lying on her back about two-thirds out of the left rear door with the lower part of her legs pinned in the wreckage. Lying on top of her, face down, was Garrett, who was not as far out of the door as she was. Both Garrett and the girl were naked from the waist down. Numerous articles of male and female clothing were found on the rear floor of the car.

Three days after the accident Trooper Tinsley and E. T. Eldridge, a photographer employed by the plaintiff, went to the scene and took measurements. They found car tracks beginning at a culvert in a ditch on the north side of the highway and extending a distance of 195 feet, 6 inches across the road to the tree against which the

vehicle had been found wrecked. The tree was 19 feet, 4 inches south of the southern edge of the pavement. No evidence was found to explain how the Garrett car got into the ditch on the north side of the road.

Photographs and a diagram of the scene were introduced in evidence by Eldridge. They showed that the highway was straight and that there was an unobstructed view to the east from a point opposite the culvert for about 1320 feet and to the west for about 528 feet to the crest of a hill. The highway extended at a slight downgrade to the east.

Neither Trooper Tinsley nor Eldridge knew what caused the accident. Tinsley testified that the car struck the tree because it "was out of control" but he did not know why it was out of control.

Garrett testified that during the evening before the accident occurred he and McFadden had been driving around the City of Lynchburg, that they had picked up four girls and later had let out all but the Price girl. He could not remember asking McFadden to drive but did recall that McFadden had never driven his car before. He could remember nothing about the accident.

Hugh Tyree and Lloyd A. Wright, testifying for defendant, said that they were working on a car at a service station about 500 feet below the scene of the accident when they heard what Wright termed "a huge noise" and went to the road and saw a cloud of dust from the wreckage. As they approached the wreck they heard the girl calling for help. Tyree testified that she asked him what had become of the driver. He also said that Garrett told him that they "had to get him out because he had to go home to his wife and children". Tyree and Wright corroborated Trooper Tinsley's testimony as to the location of the wreck and the positions of the three occupants of the automobile.

Miss Price (Mrs. Bruce at the time of trial), was called as an adverse witness by defendant but she could remember nothing about the evening or the accident.

■ Under the principles set forth in *Parker* v. *Leavitt, Adm'r.*, 201 Va. 919, 114 S. E. 2d 732 (1960) Garrett was not a guest within the meaning of Code § 8-646.1. Hence, and this is not controverted, he need only prove that McFadden was guilty of ordinary negligence which proximately caused the accident. Reviewing the evidence presented, however, we find as a matter of law that it was insufficient to establish negligence on the part of McFadden so that the trial

court erred in overruling the defendant's motion to strike the plaintiff's evidence and enter summary judgment for her.

■ The proof necessary to establish negligence is well settled:

"Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inference therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." *Weddle, Adm'x.* v. *Draper,* 204 Va. 319, 322, 130 S. E. 2d 462, 465 (1963); *Bridgeforth* v. *Gibbs, Adm'r.,* 207 Va. 127, 132, 148 S. E. 2d 763, 766 (1966); *Hicks, Adm'x.* v. *Cassidy, Adm'x.,* 208 Va. 610, 613, 159 S. E. 2d 827, 830 (1968); *Va. Stage Lines* v. *Brockman,* 209 Va. 188, 191, 163 S. E. 2d 148, 150 (1968).

Here, the only evidence of negligence is that McFadden travelled 195 feet, 6 inches from the ditch off the north side of the road before demolishing the car by striking the tree off the south side. There is no evidence of drinking, excessive speed, or reckless driving. The vehicle was out of control but we have no evidence as to why it was on the north side of the road or what caused it to go out of control. The possibilities are myriad—a slick spot on the road, a defect in the steering, the accelerator sticking, the approach of another car in the wrong lane, or some other cause. *See Hicks, Adm'x. v. Cassidy, Adm'x., supra.*

To hold that the accident was proximately caused by McFadden's negligence would be to engage in sheer speculation and conjecture. The plaintiff has shown no more than the mere happening of an accident. He has failed to carry his burden of proving negligence.

For the reasons stated, the judgment of the court below is reversed and set aside and final judgment is here entered for the defendant.

*Reversed and final judgment.*