## Richmond

KENNETH B. CHASE, ADMINISTRATOR OF THE ESTATE
OF MICHAEL STEVEN CROOK, DECEASED

v.

JEFFREY A. BREIT, ADMINISTRATOR OF THE ESTATE OF
WILLIAM PATRICK McDONOUGH, DECEASED

September 9, 1983.

Record No. 801529.

Present: All the Justices.

*Roy B. Fox, Jr. (Hall, Fox and Atlee, P.C.*, on brief), for appellant.

*C. Arthur Rutter, Jr. (Jeffrey A. Breit; Breit, Rutter & Montagna*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

William Patrick McDonough and Michael Steven Crook were fatally injured in a single-vehicle accident. The jury found that Crook was driving the vehicle, a pickup truck, and that his negligent operation proximately caused McDonough's death. The trial court approved the verdict, and our sole inquiry is whether it is supported by the evidence.

On December 8, 1978, shortly after 2:00 a.m., the truck was traveling in the eastbound lane of Interstate Highway 64 in the City of Hampton. The posted speed limit was 55 miles per hour, the weather was clear, and the road was free from defects.

Charles Brown was also proceeding eastbound. While traveling at a speed of 55 miles per hour, he saw the lights of the truck in his rearview mirror. The truck was gaining on him rapidly, so

Brown moved from the right-hand to the left-hand lane. He saw the truck suddenly "hit something . . . and burst into flames."

According to the investigating officer, the truck crashed through a steel guardrail and knocked down an eight-inch wooden utility pole. It continued across an entrance ramp, striking and splitting another steel guardrail. Finally, it struck a second wooden utility pole and came to rest astride the guardrail, lying on its left side with its front end pointed down. Both doors were shut tightly, but the windshield and all windows were missing.

McDonough was thrown from the truck and was found in a ravine approximately 25 yards away. Crook's badly burned body was discovered on the driver's side, with his back against the left door and his head protruding out the left window. His left leg was in the "accelerator-braking area" and his right leg was "around the gearshift . . . column . . . hanging back down over the floorboard area" toward the passenger side.

The appellant contends the evidence is insufficient to identify Crook as the driver. Although the evidence of the driver's identity is wholly circumstantial, we conclude the trial court properly submitted this question to the jury.

When a verdict is based on circumstantial evidence, "[a]ll that is required is that a jury be satisfied with proof which leads to a conclusion with probable certainty where absolute logical certainty is impossible." *Bly* v. *Southern Ry. Co.*, 183 Va. 162, 176, 31 S.E.2d 564, 570 (1944). If the facts proved support a reasonable inference that the act occurred, a jury issue exists. *Southern States Coop.* v. *Doggett*, 223 Va. 650, 657, 292 S.E.2d 331, 335 (1982).

In the instant case, the windshield and both windows of the vehicle were destroyed. Crook's body was found behind the steering wheel and McDonough was thrown from the truck. From this, the jury reasonably could infer that Crook was the driver and was restrained by the steering wheel, while McDonough, the passenger, was ejected from the vehicle.

In *MacGregor* v. *Bradshaw*, 193 Va. 787, 71 S.E.2d 361 (1952), where both occupants of a car were fatally injured, the only eyewitness did not know who was driving. The men were thrown from the car; the body of one was found on the left-hand side of the automobile, and the body of the other was lying on the right-hand side. We held that the jury reasonably could infer from

these proven facts that the body lying to the left of the car was the driver. *Id.* at 794, 71 S.E.2d at 365.

■ The appellant further contends the evidence is insufficient to establish negligent operation of the vehicle. Relying upon *McFadden v. Garrett*, 211 Va. 680, 179 S.E.2d 482 (1971), he argues that negligence cannot be presumed from the mere occurrence of an accident, and that the plaintiff did not prove the cause of the accident. The appellant's reliance on *McFadden* is misplaced.

In *McFadden*, no one saw the vehicle before the accident, and the plaintiff sought to rely upon the physical evidence alone. We observed that "[t]here is no evidence of drinking, excessive speed, or reckless driving. The vehicle was out of control but we have no evidence as to . . . what caused it to go out of control." 211 Va. at 683, 179 S.E.2d at 485.

According to established principles, we view the evidence in the light most favorable to the appellee. In the present case, there is eyewitness testimony of excessive speed, which, when considered with the shocking physical evidence, warranted the jury's finding that Crook's negligence proximately caused the accident.

For these reasons, we hold that the evidence is sufficient to support the verdict, and we will affirm the judgment of the trial court.

*Affirmed.*