## CIRCUIT COURT OF THE CITY OF RICHMOND

Conquest, Moncure & Dunn, Inc.

v.

Joel Hirsch
and Carol Hirsch

July 11, 1996

Case No. LB-195

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on Conquest, Moncure & Dunn, Inc.'s (Conquest) Motion To Set Aside the jury verdict. Conquest seeks judgment notwithstanding the verdict or, alternatively, a new trial. After a four day trial in February, 1996, the jury found in favor of Joel and Carol Hirsch on their claim against Conquest and awarded the sum of $1.00 and against Conquest on its claim against the Hirsches. The case arises out of a contract for the renovation of a private home owned by the Hirsches wherein Conquest was the general contractor. The Hirsches sought the recovery of $120,000 in money damages claiming that Conquest was under an obligation to put all subcontracted work out to competitive bid. Conquest denied it had agreed to a competitive bid contract and alleged $67,469 as the balance due and owing on a cost-plus construction contract. The motion has been briefed and argument was made in June, 1996.

Conquest's motion is on the following grounds. The evidence established that the renovation work proceeded on a cost-plus contractual basis and there was unrebutted evidence regarding the value of Conquest's labor, material and services provided to the Hirsches; the Hirsches never provided testimony or evidence that Conquest agreed to solicit multiple subcontractor bids within any trade group; Briscoe Guy, project manager for Conquest, an adverse witness, provided unrebutted testimony that Conquest never agreed to solicit multiple subcontractor bids. Conquest cites *Weddle v. Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963), for the proposition that:

> When a defendant is called as an adverse witness the plaintiff is not bound by such of his testimony as is in conflict with evidence introduced by the plaintiff; but the plaintiff is bound by so much of the testimony of the defendant as is clear, reasonable and uncontradicted.

Conquest argues that the Hirsches' testimony failed to provide evidence to contradict Guy's testimony. Additionally, Conquest argues, the testimony provided by the Hirsches' building experts is irrelevant due to the failure to establish that the contract required Conquest to solicit multiple subcontractor bids. Conquest argues that the only way the jury could have found a breach of contract justifying reduction or denial of its claim was on the basis of an erroneous conclusion that it had a contractual duty to solicit competitive bids from subcontractors.

Responding, the Hirsches contend that there is credible evidence on which the jury could have found that competitive bidding was part of the contract, and therefore, the verdict should not be set aside. Such evidence included Mr. Hirsch's testimony that he thought that the obligation to solicit bids was part of the contract, as well as Conquest's company profile that states that subcontracts and major materials would be bid competitively. The Hirsches contend that the jury could have found over the course of the parties' dealings that competitive bidding was established, particularly, because the first work performed by Conquest was competitively bid. The Hirsches contend that a jury instruction on quantum meruit was given because of the disputed testimony between Hirsch and Guy about what each believed was included in the contract as it relates to competitive bidding. Since testimony was given that the renovation project should have cost less than what the Hirsches had already paid, the jury could have concluded that the reasonable value of the work has been paid and Conquest was not entitled to more funds.

Pursuant to § 8.01-430 the court may set aside a jury verdict if the court finds the verdict to be contrary to the evidence or without evidence to support it.

> [This power] can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material fact, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclu-

sion for that of the jury merely because he would have voted for a different verdict if he had been on the jury. The weight of a jury's verdict, when there is credible evidence upon which it can be based, is not overborne by the trial judge's disapproval. *Lane v. Scott*, 220 Va. 578, 581, 260 S.E.2d 239, 240 (1979), cert. denied, 446 U.S. 986, 100 S. Ct. 2969, 64 L. Ed. 2d 843 (1980); *Carter v. Lambert*, 246 Va. 309, 313, 435 S.E.2d 403, 405 (1993).

The court agrees with Conquest and concludes that there was no evidence that the parties ever expressly or impliedly agreed that their contract for the renovation was involved with competitive bidding. While there was testimony from Mr. Hirsch that the Conquest company brochure had a statement about competitive bidding, there was no evidence that this was ever the basis for the contract between the parties.

If the jury believed that the parties had agreed to competitive bidding, as apparently it did by finding in favor of the Hirsches, the award of $1.00 is grossly inadequate in light of the evidence provided by several subcontractors introduced by the Hirsches to support their claim that the work could have been done for considerably less. This lends support that the jury's assessment of the evidence was plainly wrong in this case.

Accordingly, the court will grant the motion for a new trial. While there is basis in the record for the $67,469 requested as a judgment in favor of Conquest, notwithstanding the verdict, there was evidence disputing the value of the work done by Conquest, if a jury finds the parties did not have an agreement on a cost-plus basis. For this reason a new trial will be held on all issues.