# Richmond

WILLIAM H. FERGUSON AND SELMA K. FERGUSON, ETC. v. COLONIAL PIPELINE COMPANY.

January 17, 1966.

Record No. 6089.

Present, All the Justices.

*George B. Little and Collins Denny, III (Hunter B. Andrews; Browder, Russell, Little & Morris; Denny, Valentine & Davenport; Downing & Andrews,* on brief), for the appellants.

*Ralph H. Ferrell, Jr.* and *Hugh V. White, Jr.* (*John W. Riely; Evans B. Brasfield; Jack Vickrey; Hunton, Williams, Gay, Powell & Gibson,* on brief), for the appellee.

EGGLESTON, C. J., delivered the opinion of the court.

■ This is a companion case to *Peck Iron & Metal Company, Incorporated* v. *Colonial Pipeline Company,* decided at the present session. 206 Va. 711, 146 S.E. 2d 169. Similar to that case, the principal questions here involved are whether the lower court properly held that, (1) Colonial may acquire by eminent domain easements for the construction and maintenance of a pipeline for the transportation of petroleum products as a common carrier over the land of William H. Ferguson and Selma K. Ferguson in James City county, and (2) the right to maintain a proceeding for that purpose is not conditioned upon Colonial's obtaining from the State Corporation Commission a certificate of public convenience and necessity under Code, § 56-265.2 (Repl. Vol. 1959). For the reasons stated in the opinion in the *Peck* case, we hold that these issues were correctly decided by the lower court in the present case.

■ The assignments of error in the case now before us raise the additional question whether the lower court abused its discretion by requiring the defendant property owners to proceed to trial on the preliminary issues on September 5, 1963, the return day of the notice served on them.

The proceeding was commenced by the filing of the petition for condemnation on August 13, 1963. Pursuant to Code, § 25-46.9 (Repl. Vol. 1964), on August 15 Colonial caused to be served on the property owners notice of the filing of the petition and notice that on September 5 application would be made to the lower court for the appointment of commissioners to ascertain the just compensation to be paid for the property taken. The notice further provided that within twenty-one days of the service thereof the property owners must file their answer and grounds of defense, designating the grounds of any objection or defense to the taking of their property or to the jursidiction of the court to hear the cause.

On August 30 the defendant property owners filed their answer and grounds of defense, denying the right of Colonial to acquire by eminent domain the proposed easements over their land, and challenging its right to prosecute the proceeding without first obtaining from

the State Corporation Commission a certificate of public convenience and necessity pursuant to § 56-265.2.

On September 5 the parties appeared in court. The defendant property owners moved for a continuance in order that they might be better prepared to present their defense on the preliminary issues to be heard. Colonial objected on the grounds that the motion was not timely, that the case was matured for hearing, that the parties were present in court, and that Colonial had a number of witnesses from out of the State whose testimony should be heard. The court overruled the motion for a continuance and proceeded to hear the evidence on the preliminary issues. At the conclusion of the hearing it announced its decision, overruling the property owners' jurisdictional objections, and holding that Colonial was vested with the power to acquire by eminent domain the easements sought over the defendants' land.

On September 16 the defendants filed a written motion to reopen the cause for the hearing of additional evidence on the preliminary issues. The motion was overruled. On the same day the lower court entered a formal order which was in accord with its ruling announced at the hearing on September 5. Subsequently commissioners were appointed who filed their report fixing the amount which should be awarded the property owners. From a final order entered in the proceeding the property owners have appealed.

The defendant property owners argue that the refusal of the lower court to grant their request for a continuance and compelling them to proceed to trial on the preliminary issues on September 5, 1963 amounted to an abuse of its discretion and was prejudicial to their rights. We do not agree.

The property owners admit in their brief that the proceeding was "technically" matured for hearing on September 5, the return day of the notice. The record shows that prior to that date counsel for the parties had informally discussed a possible postponement and that counsel for Colonial would not agree, because there was no assurance that the lower court could hear the matter on another day in the reasonably near future. Although fully aware of this the property owners made no motion for a continuance until the day of the hearing. Under these circumstances the court held that the motion was not timely.

It is elementary that a motion for a continuance is addressed to the sound discretion of the trial court under all of the circumstances of

the case, and that the appellate court will not reverse a judgment or decree because of the action of the lower court on such motion, unless such action is plainly erroneous and prejudicial to the rights of the complaining party. Abuse of discretion and prejudice to the complaining party are essential to reversal. 4 Mich. Jur., Continuances, § 50, pp. 322, 323; *Id.*, § 52, p. 325 *ff*.

In the present case there is no showing that the lower court abused its discretion in denying the motion for a continuance. It properly held that the motion was not timely. The necessary pleadings had been filed and the case was matured for a hearing. The parties were present in court and Colonial had a number of witnesses from out of the State whose testimony should be heard.

Nor is there any showing that such refusal was in any way prejudicial to the rights of the property owners. Neither in their motion for a continuance nor in their motion to reopen the cause did they state what additional evidence they desired to present on the preliminary issues. Moreover, the record further shows that there was a full development in the lower court of the evidence relevant to Colonial's corporate structure, its purposes and operations, necessary for a determination as to whether it was endowed with the right of eminent domain, and whether the taking of the easements over the defendants' land was for a public use. Such evidence was quite sufficient for this court to determine that these issues were properly disposed of in the court below.

The order appealed from is

*Affirmed.*