## Richmond

### Fred Autry

### v.

### Stanley G. Bryan

December 3, 1982.

Record No. 801596.

Present: All the Justices.

*Paul M. Lipkin; Samuel Goldblatt (Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C.,* on brief), for appellant.
*John E. Zydron (Bryan and Zydron,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The sole question in this civil appeal is whether the circuit court abused its discretion in refusing a motion for a continuance.

In August of 1979, appellee Stanley G. Bryan sued Arthur C. Bunton, III and appellant Fred Autry in the general district court for $4800 plus attorney's fees of $960. The claim was for "rent due for the months of January through August 1979 as per lease." Wayne Lustig, a Virginia Beach attorney, filed a timely affidavit of substantial defense on behalf of both defendants, pursuant to

Code § 16.1-92, setting forth the defendants' grounds of defense, and the action was removed to the circuit court.

The case was set to be tried once in November of 1979 and again in January of 1980. On each occasion, the trial was continued on motions of Lustig, counsel of record for defendants, apparently without objection by the plaintiff.

In March of 1980, Lustig filed a proper motion under Rule 1:5 for leave to withdraw as counsel for defendant Bunton only.* According to the attached certificate, copies of the motion were sent to counsel for the plaintiff and to Bunton; notice was not given to Autry. In April of 1980, the court below entered an order granting Lustig's motion. There was no appearance at the motion hearing by or on behalf of Autry.

Subsequently, Autry appeared in person, but late, for a regular docket call in May of 1980. He learned the case already had been set for a non-jury trial on July 11, 1980.

On the day of trial, Autry appeared in court without counsel and asked the trial judge for a continuance. He represented that he had "talked with" Samuel Goldblatt, a Norfolk attorney, "about the case," that he had not "given" Goldblatt a retainer, and that Goldblatt, "could not be present on that day for the trial." According to the sparse record on appeal, nothing was said about why Lustig, who remained counsel of record, was absent. Noting the case previously had been continued at the request of the defendants "a number of times" and that the defendants had sufficient time to be prepared for trial on July 11, the court below denied the motion.

The court then proceeded to hear the evidence. Autry appeared *pro se* and testified. He denied any liability to the plaintiff, claiming that the permitted use of the premises had been misrepresented by plaintiff and that Bunton, his former partner, had promised to save him harmless from any liability under the lease. Bunton did not appear in person or by counsel. At the conclusion of the evidence, judgment was entered in favor of the plaintiff against both defendants in the requested amounts. Later, Autry, with Goldblatt as his counsel, moved the trial court to set aside the judgment. The motion was denied, and Autry appeals.

---

* As pertinent to this appeal, Rule 1:5 provides:

"Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw."

Recognizing that ordinarily a litigant in a civil case is not entitled, as a matter of right, to be represented at trial by an attorney, Autry argues the court below nonetheless acted arbitrarily, and erroneously refused to continue the trial to another day. Relying in part on cases from other jurisdictions as well as Rule 1:5, he says that he had employed Lustig, who was counsel of record, and he thus was entitled to be represented by that attorney "unless he properly withdrew under the Rules of Court." Autry, claiming to be "unlettered," says it was reversible error to require him to go to trial "without his counsel [of record] who for some unexplained reason [did] not show up for trial where there is no showing of fault or attempt to delay on the part of the defendant" individually.

It is fundamental that a motion for a continuance is addressed to the sound discretion of the trial judge who must consider all the circumstances of the case. The judgment or decree below will not be reversed on appeal due to the action of the trial court on such motion, "unless such action is plainly erroneous and prejudicial to the rights of the complaining party. Abuse of discretion and prejudice to the complaining party are essential to reversal." *Ferguson* v. *Colonial Pipeline Company,* 206 Va. 719, 721-22, 146 S.E.2d 173, 175 (1966).

From this record we cannot say the trial court abused its discretion. Eleven months after the suit had been filed, and following two prior continuances at defendants' request, Autry appeared for trial unaccompanied by counsel. Apparently, as early as two months before the trial date he assumed Lustig no longer represented him because Autry went to the May docket call in person. Also, he had discussed the matter with Goldblatt. Yet he appeared for trial alone and sought postponement, indicating he had merely "talked with" Goldblatt who "could not be present" at the time. Based upon these circumstances, the trial judge was justified in concluding that Autry had ample opportunity to procure counsel and be ready for trial on July 11. The court below could also have believed that Autry was attempting to prevent the case from being tried promptly.

The fact that Lustig remained "counsel of record" for Autry within the meaning of Rule 1:5 is irrelevant to the continuance issue, given the facts of this case. Under these circumstances, a client is not to be rewarded with a continuance when there is an unexplained, unexcused nonappearance by his attorney of record.

█ In addition, there is no showing the denial of a continuance prejudiced Autry's rights. The record reveals that he was afforded an opportunity to testify fully and to cross-examine the plaintiff in this uncomplicated suit on a written lease involving some disputed questions of fact.

For these reasons, the judgment below will be

*Affirmed.*