## CHARLES T. MCNEW

### V.

## THOMAS B. DUNN

Record No. 831662

March 6, 1987

Present: All the Justices

*R. Keith Neely (John S. Huntington,* on brief), for appellee.
*Franklin P. Slavin, Jr. (Bird & Slavin,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In a motion for judgment filed below, First National Exchange Bank of Virginia sought recovery of the balance due on a promissory note executed by Charles T. McNew, Thomas B. Dunn, and three other persons. McNew filed in the same action a cross-claim against Dunn, alleging that the latter was or might be liable to McNew for all or part of the claim asserted by the bank against McNew. Dunn answered the cross-claim timely, admitting some of its allegations and denying others.

In the original action, the trial court entered judgment in favor of the bank against all the defendants. This judgment has become final and is not the subject of any assignment of error in the instant appeal.

On the morning of the date set for trial of the cross-claim, McNew filed a motion for summary judgment. The trial court denied the motion. McNew then moved for a continuance, and the court denied this motion. McNew proceeded to put on his evidence before a jury, and, at the conclusion thereof, Dunn made a motion to strike the evidence. The trial court granted the motion and dismissed McNew's cross-claim.

McNew first contends the trial court erred in denying his motion for summary judgment. In this as in other aspects of the case, much of the controversy between the parties stems from the fact that, in his answer, Dunn admitted paragraphs 10 through 13 of the cross-claim. McNew seized upon these admissions as the basis for his motion for summary judgment. Dunn argued that he had made the admissions "through inadvertent error," that he actually had intended to deny paragraphs 10 through 13.

Over McNew's objection, the trial court held that Dunn's admissions of paragraphs 10 through 13 would be "deemed . . . to be denials." While the parties disagree about the timing of Dunn's argument and the trial court's ruling with respect thereto, both the statement of facts signed by the trial judge[1] and the final order show this sequence of events: first, the trial court denied McNew's motion for summary judgment; next, Dunn made his admission-by-error argument; then, the court ruled the admissions would be deemed denials.[2]

■ In the view we take of the case, however, it makes no difference whether we consider paragraphs 10 through 13 of the cross-claim to have been admitted or denied by Dunn. As the trial court found, Dunn's answer, as originally filed, "effectively denied" McNew's "cause of action and theory of liability." We think that this finding is adequately supported by the record and that the finding in turn supports the trial court's denial of McNew's motion for summary judgment.

In his answer, Dunn denied paragraphs 1 through 7 of the cross-claim. In those paragraphs, McNew made these allegations: In March 1980, Dunn approached McNew with the proposition that if McNew and one Roger L. Cupp would pay Dunn $50,000, the latter would give McNew and Cupp a one-half interest in a Ford franchise. In reliance upon Dunn's promise to obtain a franchise, McNew and Cupp accepted Dunn's offer and borrowed the required $50,000 from First National Exchange Bank, giving the bank the promissory note sued upon in the original action filed in this case. In April 1980, McNew and Cupp paid the $50,000 over to Dunn for their one-half interest in what they believed would become a new Ford franchise. Payments on the note had become delinquent, and Dunn was or might be liable to McNew for all or part of the claim asserted by the bank against McNew.

In paragraphs 8 and 9 of the cross-claim, McNew alleged that the agreement between the parties was reduced to writing, that the agreement was attached to the cross-claim as Exhibit "A," and that after the agreement was entered into, the parties commenced operation of what they expected would become a new

---

[1] McNew assigns error to the trial court's action in amending the statement of facts to include Dunn's argument concerning his admissions and the court's ruling thereon. We think the assignment of error is without merit.

[2] Surprisingly, McNew does not assign error to the trial court's ruling that Dunn's admissions would be deemed denials; therefore, we will presume the ruling is correct.

Ford franchise. These allegations were admitted by Dunn in his answer and are not the subject of controversy here.

In paragraphs 10 through 13 of the cross-claim, which are in controversy and were admitted by Dunn in his answer, McNew alleged: After the parties commenced operation of the business, McNew and Cupp discovered that Dunn was making no effort to obtain a Ford franchise, and so McNew and Cupp attempted to secure one themselves. They found that additional capital was needed, but Dunn refused to cooperate in obtaining more money. Ultimately, the business was forced to close for lack of new cars to sell.

The allegations of paragraphs 10 through 13 admitted by Dunn relate to his alleged breach of duty to secure a Ford franchise. These admissions would have become relevant, therefore, only after Dunn's duty to secure a franchise had first been established. The allegations denied by Dunn relate to that duty, and his denial of those allegations put in issue the material question whether such a duty actually existed.

Furthermore, McNew made the written agreement between the parties a part of the record by attaching it to his cross-claim as an exhibit, and, hence, the agreement was before the trial court when it considered McNew's motion for summary judgment. The provisions of the agreement and the allegation of McNew's cross-claim are inconsistent with one another, the former tending to contradict the latter on the crucial point concerning Dunn's duty to obtain a franchise.

In the agreement, the only reference to Dunn's connection with a franchise appears in a "whereas" clause. This clause merely states that Dunn "has applied for and is anticipated to secure [a] dealership from Ford Motor Company." This is hardly language of binding obligation, but to the extent the "is anticipated to secure" wording imports duty, the "has applied for" language connotes performance.

Summary judgment shall be entered only "[i]f it appears from the pleadings [or] the admissions, if any, in the proceedings . . . that the moving party is entitled to judgment. . . . Summary judgment shall not be entered if any material fact is genuinely in dispute." Rule 3:18. The denials in Dunn's answer as originally filed put material facts genuinely in dispute, and it clearly appears, therefore, that McNew was not entitled to summary judg-

ment on the pleadings. *See Robberecht* v. *Maitland Bros.*, 220 Va. 109, 255 S.E.2d 682 (1979).[3]

Much of what has been said applies with equal force to McNew's next contention, *viz.*, that the trial court erred in denying McNew a continuance after the court ruled Dunn's admissions of paragraphs 10 through 13 would be deemed denials. McNew says he was entitled to a continuance because he came to court expecting he would be granted summary judgment based upon "Dunn's admissions of contractual liability breach" and was not prepared to prove his case on the merits.

■ As indicated previously, however, McNew had no basis to expect his motion for summary judgment would be granted and no grounds for not being prepared to prove his case should the motion be denied. The case should be rare, indeed, where counsel could use his wrong guess on the disposition of a motion for summary judgment as an excuse for his lack of preparation on the merits and as ground for a last-minute continuance on the morning of trial.

■ Whether to grant or deny a motion for continuance is a matter resting within the sound discretion of the trial court. *Autry* v. *Bryan*, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982). On the record in this case, it cannot be said that the trial court abused its discretion in denying McNew's motion for a continuance.

McNew's final contention is that the trial court erred in striking his evidence and entering judgment in favor of Dunn. In this connection, McNew argues that he and his witnesses testified an agreement was reached between NcNew and Dunn whereby the latter would make a good-faith effort to procure an automobile franchise. McNew says he was entitled to have this evidence viewed in the light most favorable to him and that the trial court committed error in striking his evidence "when such a basic contention, the existence of the contract, was at issue."

■ McNew's argument, however, simply misses the point. The trial court did not strike McNew's evidence because he failed to prove the existence of a contract. The court struck the evidence because McNew failed to prove that Dunn breached the contract,

---

[3] During oral argument, McNew maintained that the trial court at least should have granted him summary judgment with respect to a claim that Dunn wrongfully disposed of $70,000 worth of inventory and equipment owned by the business. McNew, however, assigned no error to this point and did not mention the subject in his brief. We will not notice the point now.

and the record amply supports the trial court's action in this respect.

Finding no merit in any of McNew's contentions, we will affirm the judgment of the trial court.

*Affirmed.*