COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Willis and
          Senior Judge Hodges
Argued at Alexandria, Virginia


LETSA E. KINSLEY

v.   Record No. 2507-94-4        MEMORANDUM OPINION[*] BY
                                 CHIEF JUDGE NORMAN K. MOON
RALPH D. KINSLEY                     OCTOBER 17, 1995

             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

          John M. DiJoseph (Sattler & DiJoseph, on briefs),
          for appellant.

          Thomas K. Plofchan, Jr., for appellee.


     The judgment of the trial court is affirmed in part,
reversed in part, and remanded to the trial court for further
proceedings for the following reasons:

     (1)  The trial court did not err in refusing to continue the
civil contempt hearing in order for appellant to obtain counsel.
 The key components of due process are notice and an opportunity
to be heard.  Moore v. Smith, 177 Va. 621, 626, 15 S.E.2d 48, 49
(1941).  Where a party has the opportunity to present testimony
but chooses not to do so, there is no denial of due process.
Venable v. Venable, 2 Va. App. 178, 182, 342 S.E.2d 646, 649
(1986).  Appellant was given a month's notice of the hearing.
The notice informed her that the hearing would address her
liability for the bank note, including accumulated interest.
Because appellant was dilatory in her efforts to obtain an

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

attorney, there was no abuse of discretion by the trial court in refusing to continue the case. Autry v. Bryan, 224 Va. 451, 297 S.E.2d 690 (1982).

(2) The court did not err in deciding that the doctrine of res judicata did not bar appellee from seeking indemnity from appellant for any sum he had to pay on the note that his wife had been ordered to pay.

Collateral estoppel applies to the same issue litigated in a different cause of action. Collateral estoppel precludes parties from raising an issue that was actually litigated and essential to a valid and final personal judgment in the earlier cause of action. Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). The party asserting collateral estoppel has the burden of proving by the preponderance of the evidence that the precise issue he seeks to preclude was raised and determined in the first action. Slagle v. Slagle, 11 Va. App. 341, 344, 398 S.E.2d 346, 348 (1990).

The only direct evidence of the action taken by the district court on the cross claims is the "Case Disposition," which indicated that both of the cross claims were "dismissed." The appellant claims that this constituted a judgment that the parties were jointly responsible for the debt under the property agreement. In order to make that conclusion on this record, we must so speculate, which we may not do. Therefore, the appellant has not met her burden of proof.

(3) The court determined, based on the petition and the

prior orders in the case, that the loan was the appellant's responsibility.  While the agreement and the prior orders are not as clear as they might be, this determination was not plainly wrong.  Because the appellant failed to pay the loan, the court awarded the appellee damages of $11,414.58, the amount due on the bank judgment against the parties as of the date of the hearing.

"The measure of the court's power in civil contempt cases is determined by the requirements of full remedial relief."  McComb v. Jacksonville Paper Co., 336 U.S. 187, 193 (1949).  Such relief includes damages.  As the Virginia Supreme Court has stated, "In appropriate cases the violator may be punished . . . by an award of damages against him in favor of the injured party sufficient to indemnify him for the pecuniary loss occasioned to him . . . ."  Deeds v. Gilmer, 162 Va. 157, 262, 174 S.E. 37, 79 (1934); Leisge v. Leisge, 224 Va. 303, 308-09, 296 S.E.2d 538, 541 (1982).

The relief ordered by the circuit court goes considerably beyond indemnification.  The record does not show that appellee has sustained damages in the amount awarded.  It permits the appellee to recover from the appellant speculative future damages.  The bank could also institute proceedings against the appellant, which could result in her paying more than she owes.

Because the court erred in fixing and awarding excessive damages, the monetary damages judgment will be remanded for a new hearing on that issue.

(4)  Because the agreement called for both parties to be

responsible for their own attorney's fees, the court erred in ordering the wife to pay the husband's attorney's fees.  Code § 20-109; see Sanford v. Sanford, 19 Va. App. 241, 505 S.E.2d 185 (1994).

(5)  Because the notice did not alert appellant that her property was subject to attachment for such damages as might be awarded and because the record does not support a finding that a grounds for attachment, Code § 8.01-534, existed, so much of the judgment as pertains to the seizure and attachment of appellant's property is likewise reversed.

Affirmed in part,
reversed in part,
and remanded.