COURT OF APPEALS OF VIRGINIA


Present:  Judge Elder, Senior Judges Overton and Bray


BERNICE WILSON

                                      MEMORANDUM OPINION[*]
v.   Record No. 0887-02-4                PER CURIAM
                                      SEPTEMBER 17, 2002
FAIRFAX COUNTY DEPARTMENT OF
 FAMILY SERVICES


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     R. Terrence Ney, Judge

          (Francis G. McBride, on brief), for
          appellant.

          (David P. Bobzien, County Attorney; Peter D.
          Andreoli, Deputy County Attorney; Dennis R.
          Bates, Senior Assistant County Attorney;
          Jessica C. Friedman, Assistant County
          Attorney, on brief), for appellee.

          (Glenn L. Clayton, II, on brief), Guardian
          ad litem for Justin Wilson, Sr., father of
          the infant children.

          (Michael S. Arif; Martin, Arif, Petrovich &
          Walsh, on brief), Guardian ad litem for the
          infant children.


     Bernice Wilson (mother) appeals the decision of the circuit

court dismissing her appeal from the juvenile and domestic

relations district (JDR) court for failure to appear.  She argues

the trial court abused its discretion.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## BACKGROUND

Mother's twin children were removed from her care following findings of abuse and neglect.  They were placed in the home of mother's cousin, Denise Shelton, and her husband.  On January 9, 2001, the Sheltons petitioned the JDR court to be relieved of the custody of the children, citing destructive behavior.  Earlene Young, mother's mother, and mother each filed petitions for custody in response.  On June 19, 2001, the district court granted the Sheltons' petitions for relief of custody and denied mother's and Young's custody petitions.

Mother and Young both noted appeals to the circuit court, and a trial de novo was scheduled for January 22, 2002.  On that date, mother and Young failed to appear when the case was called. Counsel for the Sheltons and the Department of Family Services moved the court to dismiss the appeal based on mother's failure to appear.  The trial court granted the motion.

## ANALYSIS

Issues related to control of a court's docket are committed to the sound discretion of the court, and will not be reversed

-

on appeal unless there is a showing of an abuse of discretion and prejudice to the party seeking a different trial date. See Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (citing Autry v. Bryan, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982)). "The determination whether a trial court has abused its discretion is fact-specific." Walsh v. Bennett, 260 Va. 171, 175, 530 S.E.2d 904, 907 (2000).

The circuit court was aware that mother had failed to appear before the district court on several occasions. Her absence was voluntary and unexplained. Counsel for mother did not ask the court to proceed without her presence and only "ask[ed] the court's indulgence as far as her arrival [was] concerned." Mother has not demonstrated that the trial court abused its discretion by dismissing the appeal.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-