COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Ortiz and Raphael

ANDREA ROSE BOGGS

v.     Record No. 0586-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
MAY 10, 2022

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(Lauren Whitley; Office of the Public Defender, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


Andrea Rose Boggs appeals from the decision of the Circuit Court of Spotsylvania County

revoking a portion of her suspended sentence. Boggs contends that the trial court abused its

discretion by revoking her suspended sentence because it "improperly weighed mitigation factors."

Boggs also argues that the trial court abused its discretion by denying her a "continuance for the

purposes of treatment." After examining the briefs and record, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Because the trial court did not abuse its discretion by improperly weighing the

mitigation factors and Boggs does not show she suffered actual prejudice from the trial court

denying her motion for continuance, we affirm the decision of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In November 2017, Boggs entered into a deferred disposition agreement with the Commonwealth under Code § 18.2-251 regarding a charge of possession of a controlled substance in violation of Code § 18.2-250. The terms of the agreement required Boggs to submit to regular drug tests during two years of supervised probation and maintain good behavior for a period of five years. The agreement also provided that if Boggs violated the terms of her probation, the trial court would terminate her "first offender status" and sentence her to three years' incarceration with two years suspended.

On August 14, 2018, the trial court found Boggs in violation of the terms of the deferred disposition agreement. Consequently, the trial court sentenced her to three years' incarceration with two years suspended. After serving one year, Boggs returned to supervised probation in March 2019.

In January 2021, Boggs's probation officer filed a major violation report and requested a show cause hearing. The report detailed a series of violations beginning in October 2019 when Boggs tested positive for cocaine and marijuana. Then, Boggs repeatedly tested positive for numerous drugs, including amphetamine, cocaine, fentanyl, methadone, morphine, and marijuana. She also received summonses for reckless driving, driving without a license, and operating a vehicle without insurance. Boggs was instructed to begin substance abuse treatment, but after testing positive for drugs and missing her appointments, she was discharged from the program. In an addendum to the major violation report, the probation officer stated that Boggs declined in-patient treatment "due to her family."

Following a March 24, 2021 hearing, the trial court released Boggs on bond pending the revocation hearing scheduled for May 4, 2021. When Boggs reported to probation on April 1, 2021, she again tested positive for drugs, and she admitted that she "slipped up again the day [she]

got released." Boggs was admitted to outpatient treatment on April 19, 2021, and her probation officer confirmed that she was complying with the treatment program.

At the revocation hearing, Boggs's counsel asked for a two-month continuance to allow Boggs to "continue with treatment and continue to be compliant knowing that she might have to stipulate to the violation today if the [prosecution] so desires." Counsel further asked the trial court, that if it would not grant the two-month continuance, to grant Boggs "a week or two" continuance to allow counsel to "get the appropriate information" and review the sentencing guidelines with Boggs. The Commonwealth objected to any continuance. The trial court stated: "I don't think this case should be pushed out any further. I'll give you a week or two to go over the guidelines with her." Boggs then stipulated that she had violated the terms of her probation, and the trial court found her in violation. The court set the sentencing hearing for May 18, 2021.

At the sentencing hearing, the trial court found that Boggs's conviction for operating an uninsured vehicle without paying the uninsured motorist fee was not a criminal conviction and the prepared sentencing guidelines therefore did not apply. In mitigation, Boggs highlighted her addiction which began with opioids prescribed for pain, the overdose which led to her underlying possession conviction, and her attempts to recover from her dependence on drugs. Boggs emphasized that she "truly mean[t] it this time" and that she wanted to seek help for her addiction to drugs.

In response, the trial court noted that "what's really troubling about this is you were released on bond, and almost as soon as you were released on bond you continued to test positive for these substances." Although the trial court "sincerely" "hope[d]" that Boggs would get the help she needs, it was troubled by her persistent use of drugs despite the previous revocation. The trial court revoked Boggs's suspended sentence and re-suspended one year, leaving her with an active term of incarceration of one year.

ANALYSIS

A. Standard of Review

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Yerling v. Commonwealth*, 71 Va. App. 527, 530 (2020) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). However, the trial court abuses its discretion as a matter of law "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

B. The Trial Court Did Not Abuse Its Discretion by Improperly Weighing Mitigating Factors.

Boggs argues that the trial court abused its discretion by sentencing her to "one year of active incarceration when she was engaged in treatment, had maintained contact with her probation

officer, and had no new criminal convictions before the trial court." She further asserts that the "goals of probation are to assist formerly incarcerated citizens in re-entering their communities successfully, and safely." Finally, appellant argues that the trial court "abused its discretion because it did not properly weigh the mitigating factors before it regarding [Boggs's] ongoing treatment, and periods of sobriety."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). While "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause[,]" this determination is subject to an abuse-of-discretion standard. *Id.* (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

It is also "within the trial court's purview to weigh any mitigating factors presented by the defendant" in opposition to revocation of suspension of a sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). In our abuse-of-discretion analysis, we presume a trial court "considered the relevant factors without giving significant weight to any irrelevant improper factor" when a party argues the relevant factors to the court. *See Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 430 (2012). However, a trial court abuses its discretion when it "arbitrarily or without justification discredit[s] evidence which is uncontradicted and not inconsistent with other evidence in the case." *Bolden v. Commonwealth*, 263 Va. 465, 472 n.3 (2002) (quoting *Chesson v. Commonwealth*, 216 Va. 827, 832 (1976)).

Boggs admitted that she violated the terms of her suspended sentence. Thus, the record establishes that the trial court had a sufficient and reasonable cause to revoke Boggs's suspended

sentence. Under the operative terms of the revocation statute in effect when the trial court considered Boggs's violation, once it found that Boggs had violated the terms of the suspension, the trial court was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii).[1] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry*, 39 Va. App. at 320.

In sentencing Boggs, the trial court did not abuse its discretion in weighing the mitigating factors Boggs presented. Although the trial court did not explicitly weigh the mitigating factors, we presume the trial court considered the relevant factors Boggs argued. Against the mitigating factors Boggs cited, the record reflects that Boggs repeatedly disregarded the terms of her suspended sentence and continued to use illicit substances despite being afforded the opportunity for substance abuse treatment. The trial court could reasonably conclude that Boggs's conduct demonstrated that she was not amenable to rehabilitation, even though she asserted she was now sincere about recovery. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). The record shows Boggs failed to make productive use of the grace extended to her. Therefore, the trial court did not abuse its discretion when it considered Boggs's mitigating evidence in light of her track record.

Accordingly, we hold that the trial court's sentence represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the suspended sentence. 2021 Va. Acts (Sp. Sess. I) ch. 538.

C. Boggs Does Not Show She Was Prejudiced by The Trial Court Denying Her Motion for Continuance.[2]

Appellant argues that the trial court abused its discretion by "denying [her] request for a two-month continuance so she could continue with her outpatient substance abuse treatment."

Whether to grant or deny a continuance rests within the "sound discretion" of the trial court. *Ortiz v. Commonwealth*, 276 Va. 705, 722 (2008) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "An appellate court can reverse only if the trial court committed an 'abuse of discretion' *and* thereby caused 'resulting prejudice.'" *Cooper*, 54 Va. App. at 565 (quoting *Ortiz*, 276 Va. at 722). "This 'two-pronged' test has long been the standard under Virginia practice." *Id.* "Abuse of discretion and prejudice to the complaining party are essential to reversal." *Butler v. Commonwealth*, 264 Va. 614, 621 (2002) (quoting *Ferguson v. Colonial Pipeline Co.*, 206 Va. 719, 722 (1966)). Additionally, prejudice "may not be presumed; it must appear from the record." *Cooper*, 54 Va. App. at 565 (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

Further, "[w]hen a defendant makes a last minute request for a continuance, [s]he must demonstrate that exceptional circumstances exist." *Reyes v. Commonwealth*, 68 Va. App. 379, 387 (2018) (quoting *Shifflett v. Commonwealth*, 218 Va. 25, 30 (1977)).

Boggs asserts that she "had good cause to request a two-month continuance based on [her] substantial compliance with treatment and probation during the time period of March 24, 2021 to her hearing on May 4, 2021." She also contends that she "was prejudiced by the denial

---

[2] The Commonwealth contends that Boggs failed to preserve this issue for appellate review because the trial court granted her request for a two-week continuance and Boggs did not specifically object to the trial court's denial of her request for a two-month continuance. *See* Rule 5A:18. We assume without deciding that by specifically requesting a two-month continuance, Boggs adequately presented the issue she raises on appeal to the trial court to allow our review. Therefore, we address this assignment of error on the merits.

of her continuance because she was removed from treatment" and further compliance with treatment would have served as compelling mitigating evidence for the trial court to consider.

However, Boggs fails to show that she was prejudiced by the denial. Her theory that continuing the most recently ordered treatment program would provide her with mitigating evidence to present to the trial court is merely speculative and does not appear from the record. "[W]here harm alleged by an appellant is 'equivocal and speculative,' we find no abuse of the trial court's discretion." *Salmon v. Commonwealth*, 32 Va. App. 586, 595 (2000). "We cannot reverse if the defendant 'has shown no prejudice resulting from what [s]he claims was an abuse of discretion' in granting or denying a continuance motion." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007) (quoting *Quintana v. Commonwealth*, 224 Va. 127, 135 (1982)). Rather than supporting Boggs's theory, the record shows Boggs repeatedly tested positive for drugs while on probation and twice failed to complete treatment programs. Boggs's argument that this time would have been different is unsupported by the record and thereby speculative.

Because Boggs fails to show that she suffered actual prejudice, we need not determine whether the trial court abused its discretion.

CONCLUSION

For these reasons, we affirm the trial court's decision.

*Affirmed*.