COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Athey and Causey
Argued at Alexandria, Virginia


GREGORY YOUST

MEMORANDUM OPINION[*] BY
v.        Record No. 1940-22-4          JUDGE CLIFFORD L. ATHEY, JR.
MARCH 12, 2024

BUFFALO WING FACTORY, INC., ET AL.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Charles L. King for appellant.

Richard L. Butler (Law Office of Jonathan P. Jester, on brief), for
appellee Buffalo Wing Factory Franchising, Inc.

Vivek K. Subramanyam (McGavin, Boyce, Bardot, Thorsen &
Katz, P.C., on brief), for appellee Buffalo Wing Factory, Inc.


Gregory Youst appeals from the Circuit Court of Loudoun County's ("circuit court") order

sustaining the pleas in bar of Buffalo Wing Factory, Inc. ("BWF") and Buffalo Wing Factory

Franchising, Inc. ("BWF Franchising") on the basis that they were not the correct defendants. On

appeal, Youst contends that the circuit court erred by failing to grant his motion to continue the

hearing on the pleas in bar until after ruling on his motion to substitute the correct defendant. For

the reasons stated herein, we affirm the judgment of the circuit court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

I. BACKGROUND

On May 27, 2021, Youst filed a complaint for personal injury against BWF and BWF Franchising alleging that Youst sustained injuries on June 2, 2019, when he fell while leaving the bar area of a Buffalo Wing Factory restaurant located in Ashburn, Virginia (the "restaurant"). The complaint alleged that the defendants owned and operated the restaurant and as a result of their negligence caused Youst's injuries by placing "too many chairs too close together" in the bar area of the restaurant.

Youst did not attempt to serve the complaint on the defendants until May 10, 2022, just short of a year after Youst filed the complaint, and almost three years after allegedly sustaining the injury. After being served with the complaint, both defendants filed pleas in bar denying that they owned or operated the restaurant.[1] The circuit court subsequently scheduled a hearing on their pleas in bar for November 16, 2022.

Approximately three weeks after receiving notice of the pleas in bar, but prior to the date of the hearing, Youst filed a motion to substitute N.V.R. Group, Inc. ("NVR"), the owner and operator of the restaurant, as a party defendant. In support of his motion, Youst claimed that the Virginia State Corporation Commission listed twelve entities containing the names "Buffalo Wing Factory," "BWF," or "BWING" and that NVR was not one of them. He further asserted that Belal El-Atari ("El-Atari") was the registered agent for and a principal of NVR, BWF, and BWF Franchising, and had been served with the complaint in his capacity as the registered agent for BWF and BWF Franchising.[2] Youst justified the motion to substitute NVR as a defendant because the "number of entities, their common-ownership and the use of same registered agent made it difficult to discern"

---

[1] BWF Franchising also filed a demurrer, which the circuit court did not rule on.

[2] Youst specifically claimed that El-Atari was an officer and director of NVR, the president of BWF, and the chief executive officer of BWF Franchising.

which entity operated the restaurant. Alternatively, Youst requested that the circuit court allow him to amend his complaint to name NVR as a defendant based on misnomer.

Youst served NVR with a copy of his motion to substitute on October 7, 2022. Youst also filed a memorandum in response to the defendants' pleas in bar solely asking that the circuit court defer granting the pleas in bar until it first ruled upon his motion to substitute. Youst conceded that the defendants were entitled to the relief requested and that because Rule 3:17 gave NVR 21 days to respond to the substitution motion, a hearing on that motion could not be held before the November 16 hearing on the pleas in bar. Youst also justified his request to delay sustaining the pleas by arguing that if the circuit court granted his motion to substitute prior to sustaining the pleas, his claims against NVR would not be barred by the statute of limitations.

On October 28, 2022, NVR, who was represented by the same counsel as BWF, filed a memorandum in opposition to Youst's motion to substitute contending that it could not be substituted as a defendant because Youst's naming of BWF and BWF Franchising as defendants did not constitute a misnomer and that therefore the claims against NVR were barred by the statute of limitations. That same day, Youst filed a praecipe attempting to schedule a hearing on his motion to substitute the week before the scheduled hearing on the pleas in bar. BWF objected to the docketing of Youst's motion because he did not consult with the defendants regarding the proposed hearing date. Youst subsequently rescheduled a hearing on his motion for December 5, 2022.

At the November 16 hearing on the pleas in bar, Dan Tufts ("Tufts"), vice president of multiple Buffalo Wing Factory restaurants, testified that NVR owned the restaurant in which Youst allegedly fell. At the conclusion of Tufts' testimony, the defendants argued that the circuit court should sustain their pleas in bar because they were not the correct defendants. They further

argued that Youst's motion to substitute was not on the circuit court's docket for argument and therefore substitution of NVR as a defendant would be improper.

In response, Youst requested that the circuit court continue the hearing on the pleas in bar until after the hearing on his motion to substitute. Relying on the Supreme Court of Virginia's decision in *Lake v. N. Va. Women's Med. Ctr., Inc.*, 253 Va. 255 (1997), Youst argued that the circuit court would have discretion to substitute NVR as a defendant in the case because, if given the opportunity to be heard, he could prove that he was led to sue the wrong entities due to their names. He further argued that substituting NVR as a defendant was proper because he could prove that NVR, BWF, and BWF Franchising shared a common principal and the proposed substitution would not alter Youst's cause of action.

The circuit court found that Youst's motion to substitute was not before it at the time of the hearing on the pleas in bar. The circuit court noted, however, that it could not "add in a party to substitute for parties that are . . . not properly named." It further noted that *Lake* was distinguishable from Youst's case because BWF and BWF Franchising had not contributed to the confusion that led Youst to sue them. The circuit court subsequently sustained the pleas in bar and dismissed Youst's claims with prejudice with the caveat that its ruling was "limited to what was before the [c]ourt." The circuit court noted that "[w]hat may happen after is controlled by other statutes and other rules." Youst appealed.

## II. ANALYSIS

### A. Standard of Review

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah v. Shah*, 70 Va. App. 588, 593 (2019). "A party challenging a circuit court's denial of a motion for a continuance must demonstrate both an 'abuse of discretion *and* resulting prejudice[.]'" *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (alteration in original)

(quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "The abuse of discretion standard 'rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie.'" *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). A circuit court abuses its discretion:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Arch Ins. Co. v. FVCbank*, 301 Va. 503, 515 (2022) (quoting *Manchester Oaks Homeowners, Ass'n, Inc., v. Batt*, 284 Va. 409, 426 (2012)).

> *B. The circuit court was not required to continue its hearing on the pleas in bar for the purpose of hearing Youst's motion to substitute.*

Youst contends that the circuit court should have continued the hearing on the pleas in bar until after considering his motion to substitute. At oral argument before this Court, Youst conceded that if the circuit court did not err in denying his motion to continue, the merits of his arguments as to substitution need not be reached. Since we find that the circuit court did not abuse its discretion in denying Youst's motion for a continuance, the circuit court was not required to consider his motion to substitute before ruling on the pleas in bar.

"It is fundamental that a motion for a continuance is addressed to the sound discretion of the trial judge who must consider all the circumstances of the case." *Autry v. Bryan*, 224 Va. 451, 454 (1982). "The judgment . . . below will not be reversed on appeal due to the action of the trial court on such motion, 'unless such action is plainly erroneous and prejudicial to the rights of the complaining party.'" *Id.* (quoting *Ferguson v. Colonial Pipeline Co.*, 206 Va. 719, 722 (1966)). "Abuse of discretion and prejudice to the complaining party are essential to reversal." *Id.* (quoting *Ferguson*, 206 Va. at 722).

- 5 -

Here, the circuit court's refusal to continue the case was neither plainly erroneous nor an abuse of discretion. Youst essentially argues that he might have had a meritorious claim for substituting proper parties and the circuit court erred in refusing to hear his motion to substitute a party defendant before ruling on the pleas in bar. Although we acknowledge the unusual procedural circumstances present here, we are unwilling to restrain the discretion of circuit courts in managing their dockets by countenancing this argument. While a circuit court certainly may exercise its discretion to continue and defer ruling upon a plea in bar when presented with a possibly meritorious pleading supporting substitution of parties, we cannot accept that a circuit court must always do so.

Thus, we cannot say the circuit court's decision to rule on the pleas in bar following a hearing scheduled for that purpose was erroneous or plainly wrong. Because Youst conceded at oral argument that the merits of his motion to substitute need not be considered by this Court if the circuit court did not abuse its discretion in denying his motion to continue, we end our analysis here, finding no error.

### III. CONCLUSION

For the foregoing reasons, the circuit court's judgment sustaining BWF's and BWF Franchising's pleas in bar is affirmed.

*Affirmed.*